## IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS RIVERS, | : | CIVIL ACTION NO. **3:CV-12-0195** |
| | : | |
| Petitioner | : | (Judge Mariani) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| JAMES MCGRADY, *et al.,* | : | |
| | : | |
| Respondents | : | |

### REPORT AND RECOMMENDATION

**I.  Procedural Background.**

On February 1, 2012,[1] Petitioner, Thomas Rivers, an inmate at the State Correctional Institution at Retreat, Hunlock Creek, Pennsylvania, filed, *pro se,* this Habeas Corpus Petition pursuant to 28 U.S.C. § 2254. (Doc. 1). The same day, Petitioner filed a Memorandum of Law in Support of Habeas Corpus Petition (Doc. 2). Petitioner attached Exhibit A to his Doc. 2 filing. Petitioner paid the filing  fee after the Court sent an Administrative Order directing Petitioner to pay. ( Doc. 4 and 6).

Petitioner Rivers raises two grounds for relief in  his § 2254 petition. First, Petitioner claims that the Pennsylvania Board of Probation and Parole ("the Board") failed to credit him the full amount of time he was in custody on his new charge and the Board's warrant. (Doc.1, p. 6). Second, Petitioner claims that the Board lacked the authority and power to extend his judicially

---

[1]Petitioner's Habeas Petition was not dated  when Petitioner signed it. Thus, we  will use the docket filing date of February 1, 2012.

imposed maximum release date from November 11, 2009 to August 18, 2015.[2] ( Doc. 1, p. 7). In his habeas petition, Petitioner seeks to be afforded credit for the time he was incarcerated, *i.e.* from March 13, 2008 to February 18, 2009,  towards his sentence and, he seeks his original maximum release date of November 9, 2011 to be reinstated. ( Doc. 1, p.15).

On February 28, 2012, we issued a Show Cause Order and directed Respondents to respond to Petitioner's Habeas Petition. (Doc. 8).  On March 20, 2012, after an enlargement of time was granted, Respondents filed their Response and Memorandum of Law in Response to Petitioner's Habeas Petition. (Docs. 13 and 14).  Respondents included with their response one attachment, Attachment A, and nine (9) Exhibits. ( Doc. 13).

In Respondents' Response, they request that Petitioner Rivers' § 2254 Habeas Petition be dismissed due to the failure of Petitioner to  file his petition within the statue of limitations and due to procedural default of his claims. ( Doc. 13, pp. 9-14).  Additionally, Respondents address the merits of the claims raised in Petitioner's Habeas Petition. (Doc.13,  pp.15-20).  Respondents argue

---

[2]Petitioner previously was sentenced to a term of 6½  to 15 years for Murder, on Feb 16, 1996 ( min/max date for that sentence was May 11, 2001 to November 11, 2009), by the Court of Common Pleas of Philadelphia County. While on parole from that sentence, on February 28, 2008, Petitioner was arrested on new criminal drug related charges filed in the Court of Common Pleas of Philadelphia County. The Board then lodged a detainer against Petitioner Rivers on February 29, 2008. Despite being released on bail with respect to his new criminal charges on March 13, 2008, Petitioner remained incarcerated on the Board's parole violation detainer. After being convicted on his new criminal charges in the Court of Common Pleas of Philadelphia County, the Board held a parole revocation hearing, and determined that the Petitioner would be recommitted as a convicted parole violator for his new drug conviction. Following this hearing, Petitioner was sentenced to serve a term of 5 to 10 years in a State prison for the new conviction. Then, the Board, on March 4, 2009, mailed a decision recalculating the maximum date for Petitioner's original sentence from November 11, 2009 to August 8, 2015 based on his recommitment as a convicted parole violator.

that the Board was required and authorized under the Prisons and Parole Code, 61 Pa. C.S. § 6101, *et seq.*, to recalculate Petitioners' original maximum release date to reflect that he received no credit for the period he was at liberty on parole. (Doc. 13, p.15 ). Also, Respondents argue that pursuant to the Pennsylvania Supreme Court's holding in *Gaito v. Pennsylvania Board of Probation and Parole*, 488 Pa. 397, 412 A.2d 568 (1980), Petitioner would only be entitled to credit on his original sentence for time he was incarcerated solely on the Board detainer. (Doc. 13, p.18).

As discussed below, we will recommend Petitioner's Habeas Petition be dismissed because it was not timely filed within the one-year statue of limitations. Additionally, if the Court finds Petitioner's Habeas Petition was timely filed, we will recommend that the Court dismiss Petitioner's Habeas Petition due to procedural default. Finally, if the Court does not dismiss Petitioner's Habeas Petition for being either untimely or procedurally defaulted, we will recommend that the Court deny Petitioner's Habeas Petition on the merits.

## II. Factual Background.

On February 16, 1996, the Court of Common Pleas of Philadelphia County sentenced Petitioner to a term of six and a half (6½) to fifteen (15) years for Murder. (Doc. 13-2, Ex. 1). The inmate number assigned to this sentence was CY-2822. (*Id.*). The original minimum and maximum dates for this sentence ran from May 11, 2001 to November 11, 2009. (*Id.*). The Board paroled Petitioner from this sentence at inmate number CY-2822 on June 17, 2002. ( Doc. 13-2, Ex. 2).

On February 28, 2008,[3] law enforcement authorities arrested Petitioner on new criminal drug charges that were docketed in the Court of Common Pleas of Philadelphia at CP#2989-2008. (Doc. 13-2, Ex. 3). The Board lodged a detainer against Petitioner on February 29, 2008, for a parole violation due to the new drug charges. (Doc. 13-1, Att. A). The Court of Common Pleas of Philadelphia County released Petitioner on bail from the criminal charges at CP#2989-2008 on March 13, 2008. ( Doc. 13-2, Ex. 3). Even though Petitioner was released on bail from the new criminal charges, Petitioner remained incarcerated on the Board's parole violation detainer. (Doc. 13-1. Att. A). On October 22, 2008, Petitioner was convicted in the Philadelphia County Court of Possession with Intent to Deliver a Controlled Substance. ( Doc. 13-2, Ex. 3). Based on Petitioner's new conviction, on November 26, 2008, the Board conducted a parole revocation hearing to determine if Petitioner should be recommitted as a convicted parole violator. (Doc. 13-2, Ex. 4). On January 9, 2009, the Board rendered a decision recommitting Petitioner Rivers as a convicted parole violator. (Doc. 13-1, Ex. 5). The Board's January 9, 2009 revocation decision did not contain the recalculated maximum sentence date for Petitioner at inmate number CY-2822 since Petitioner was not yet sentenced on the new drug charge conviction. (Doc. 13-2, Ex. 5).[4] There is no record that Petitioner filed  a request for administrative relief with the Board from the January 9, 2009

---

[3]In Petitioner's Habeas Petition, he incorrectly states the date he was arrested on the new drug charge. Petitioner alleges the date to be March 13, 2008. In accordance with Philadelphia County Criminal Docket, we will use the arrest date of February 28, 2008. (Doc. 13-2, Ex.3).

[4] The Board's revocation decision mailed on January 9, 2009 contained the clause stating, " IF YOU WISH TO APPEAL THIS DECISION, YOU MUST FILE A REQUEST FOR ADMINISTRATIVE RELIEF WITH THE BOARD WITHIN THIRTY DAYS OF THIS ORDER." (13-2, Ex. 5).

revocation decision.  (Doc. 13-1. Att. A, ¶ 19). Additionally, according to Court of Common Pleas of Philadelphia County Criminal Docket Sheet Number  CP=51-CR-0002989-2008, Petitioner did not appeal the Board's January 9, 2009 revocation decision to any Pennsylvania state court.  (Doc. 13-3, Ex.3).

On February 18, 2009, the Court of Common Pleas of Philadelphia County  sentenced Rivers to a term of 5 to 10 years in a state correctional institution with respect to his new drug conviction. (*Id.*).  On March 4, 2009, the Board issued a decision recalculating Petition's maximum date for his original sentence at inmate number CY-2822 from November 11, 2009 to August 8, 2015,  based on his recommitment as a convicted parole violator. (Doc. 13-2, Ex. 6).[5]  There is no record from the Petitioner that any request for administrative relief with the Board was filed from the decision mailed May 4, 2009. ( Doc. 13-1. Att. A, ¶ 26). Additionally, according to Court of Common Pleas of Philadelphia County Criminal Docket Sheet Number CP-51-CR-0002989-2008, Petitioner did not appeal the Board's May 4, 2009 decision to any Pennsylvania state court. In his Memorandum in support of his habeas petition, Petitioner Rivers stated that he did "file a petition to the Board requesting administrative appeal from the decision reached in his prior orders of 12/22/2008; 2/25/2009; 9/15/2009; all of which recommitted Petitioner as a convicted and technical violator to serve 18 months back time." (Doc. 2,  p. 7).[6]

---

[5]  The Board's decision of  March 4, 2009 contained, in part,  the clause stating, "IF YOU WISH TO APPEAL THIS DECISION, YOU MUST FILE A REQUEST FOR ADMINISTRATIVE RELIEF WITH THE BOARD WITHIN THIRTY DAYS OF THIS ORDER."  (Doc. 13-2, Ex. 6).

[6]  To support Petitioner's alleged request for administrative relief, Petitioner submitted Exhibit A with his Doc. 2 Memorandum. Exhibit A consists of a letter from the Board to Petitioner dated December 13, 2010, acknowledging that the Board received correspondence

The Board reparoled Petitioner from his sentence at inmate number CY-2822 on October 14, 2011, to his detainer sentence. (Doc. 13-2, Ex. 8). The detainer sentence that Petitioner was released to was his 5 to 10 year sentence imposed by the Philadelphia Court of Common Pleas on February 18, 2009. (Doc. 13-2, Att. A, ¶ 28). The inmate number assigned to the Petitioner's detainer sentence is KF-3817 and, the minimum and maximum for that sentence are October 1, 2016 and October 1, 2021, respectively. (Doc. 13-2, Ex. 9). Petitioner is currently incarcerated at SCI-Retreat on his sentence at inmate number KF-3817. Petitioner is not eligible to be released on parole from his KF-3817 sentence until October 1, 2016. (Doc. 13-1, Att. A, ¶ 32).

As mentioned, on February 1, 2012, Petitioner filed his instant § 2254 habeas petition with this federal court. (Doc. 1). Also, as mentioned, Petitioner claims that the Board failed to credit him the full amount of time he was in custody on his new drug charge and the Board's warrant. (Doc. 1, p. 6). Also, Petitioner claims the Board lacked the authority and power to extend his judicially imposed maximum release date from November 11, 2009 to August 18, 2015. ( Doc. 1, p. 7).

---

from Petitioner on November 9, 2010. Previously, on August 10, 2010, the Board refused Petitioner's parole, and Petitioner submitted correspondence to the Board on November 9, 2010, seeking it to reconsider or for administrative relief. The Board's December 13, 2010 letter contained the following statement, "Decisions on whether to grant or refuse parole are solely within the discretion of the Board, and there is no right to request administrative relief/reconsideration or appeal that decision... . Therefore your [Petitioner's] attempt to request reconsideration from this decision cannot be accepted, and no further action will be taken on this correspondence." (Doc. 2, Ex. A).

## III. Discussion.

As a preliminary matter, we find that this Court has jurisdiction over Petitioner's petition for habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner claims  that he did not receive credit on his original sentence for time served in custody from March 13, 2008 to February 8, 2009. (Doc. 2, p. 6).  Additionally, this Court has jurisdiction over Petitioner's second claim. Petitioner states, "The PPBP [Board] is not permitted to nor does it have the power or authority to impose backtime which exceeds the entire remaining balance of a parolee's unexpired term." (Doc. 2, p. 8). *See Wilkinson v. PA Board of Probation and Parole*, 2010 WL 3812352 (M.D. Pa. Sept. 23, 2010).

### 1. AEDPA Statute of Limitations

At the outset, we agree with Respondents (Doc. 13, pp. 10-11) and find that Petitioner is time barred from presenting  his claims in the instant Habeas Petition because his Section 2244 one-year statute of limitations period expired prior to his February 1, 2012 habeas filing date.  The amended provisions of 28 U.S.C.  §2244(d)(1) impose limitations on the right to pursue federal habeas relief.  The amendments impose a one-year statute of limitations for § 2254 habeas petitions. *See Burns v. Morton*, 134 F.3d 109, 111 (3d Cir. 1998).  Additionally, " the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgement or claim is pending shall not be counted toward any period of limitation. 28 U.S.C. § 2244(d)(2).  There are four potential starting points for determining  when the statute of limitations begins to run. We concur with Respondents that the applicable period in the instant matter is "the date on which the factual predicate of the claim or claims presented could have been discovered thought the exercise of due diligence." 28 U.S.C. §2244(d)(1)(D). *McLeese*

7

*v. Brennan*, 483 F.3d 206 (3d Cir. 2007).

We agree with Respondents and their following contention:

> Rivers' [habeas] petition seeks relief from the Board's recalculation of his maximum sentence date from November 11, 2009 to August 8, 2015. That decision recalculated Rivers maximum sentence date to August 8, 2015 was mailed to him on March 4, 2009.... The Board advised Rivers in the March 4, 2009 decision that he had 30 days to file a request for administrative relief from the decision. The 30-day appeal period is governed by a Pennsylvania regulation and the time limit starts from the mailing date of the Board decision being challenged. See 37 Pa. Code §73.1. This means that Rivers had until April 3, 2009 to request for administrative relief with the Board challenging the recalculation decision mailed March 4, 2009 and the August 8, 2015 max date set forth therein before it became final. Rivers never filed a request for relief with the Board on or before April 3, 2009 or anytime thereafter. Thus the one-year statute of limitations began to run on April 3, 2009 and Rivers had until April 4, 2010 to file the instant [habeas] petition with this Court.

(Doc. 13, pp. 9-10).

In the present case, Petitioner's time began to run thirty (30) days after the Board's recalculation decision was mailed to him on March 4, 2009, *i.e.* April 3, 2009. Any time devoted to pursuing a properly filed application for state post-conviction relief or other collateral relief is excluded from the limitations period. 28 U.S.C. § 2244(d)(2); *Merritt v. Blaine*, 326 F.3d 157 (3d Cir. 2003). However, as stated, Petitioner did not file a request for relief with the Board challenging its recalculation decision. Therefore, Rivers had until April 4, 2010 to file the instant petition with this Court. Accordingly, Petitioner's Habeas Petition filed on February 1, 2012, was filed well after the statute of limitations expired.

In the instant Habeas Petition, Petitioner incorrectly asserts that he filed his Habeas Petition on time. (Doc. 1, p. 14). Petitioner claims that the judgment of the Board extending his maximum

sentence date, was on June, 7, 2011. (*Id*.). However, it is clear by the evidence submitted by the Respondents that the recalculation decision to extend Petitioner's sentence was mailed on March 4, 2009. (Doc. 13-2, Ex. 6). Additionally, there is no record of the Board rendering a decision on the June, 7, 2011 date. ( Doc. 13-2, Ex. 3). Also, as stated, there is no record that Petitioner appealed the recalculation decision of the Board mailed on March 4, 2009.

Further, Petitioner does not assert in his Habeas Petition that he was prevented in some extraordinary way from asserting his claims to this Court, nor does he assert that his claims are otherwise subject to equitable tolling.

Thus, we find that at the time Petitioner filed his §2254 habeas petition with this federal court on February 1, 2012, his AEDPA statute of limitations had already expired. Accordingly, since we find that Petitioner's one-year AEDPA statute of limitations has expired, we shall recommend that this Habeas Petition be dismissed as untimely, unless the statute of limitations is found to have been equitably tolled.

We must now decide if the doctrine of equitable tolling excuses the Petitioner's failure to abide by the time limitations of the AEDPA. As Respondents recognize (Doc. 13, p. 11), the one-year AEDPA filing deadline is subject to equitable tolling. *See Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir.), *cert. denied,* 122 S.Ct. 323 (2001); *Merritt v. Blaine*, 326 F. 3d 157 (3d Cir. 2003).[7] *See also*

_____

[7]In *Merritt*, 326 F. 3d at 168, the Third Circuit stated:

> This court has held that the AEDPA statute of limitations is subject to the doctrine of equitable tolling. *Fahy,* 240 F.3d at 244. Equitable tolling is available " 'only when the principle of equity would make the rigid application of a limitation period unfair.' " *Id.* (quoting *Miller v. New Jersey Dep't of Corr.,* 145 F.3d 616, 618 (3d Cir.1998)). In *Fahy,*

*Satizabal v. Folino*, 2007 WL 1811194 (E.D. Pa., 2007).

However, even with the AEDPA's statute of limitations being subject to equitable tolling, courts should be "sparing" in its use, and use it only for "exception al circumstances". *LaCava v. Kyler*, 398 F. 3d 271, 275 (3d Cir. 2005); *Garrick v. DiGuglielmo*, 162 Fed.Appx. 122, 124 (3d Cir.2005).

As the Court in *Musgrove v. Filion*, 232 F. Supp. 2d 26, 28 (E.D. N.Y. 2002), stated, "[t]he doctrine of equitable tolling is proper only in the 'rare and exceptional circumstances.' To invoke the doctrine, a petitioner must show that:

> (1) 'extraordinary circumstances prevented him from filing his petition on time;'
> and (2) he 'acted with reasonable diligence throughout the period he seeks
> to toll'." (Internal citations omitted).

Further, mere excusable neglect is not sufficient for a Petitioner to be entitled to equitable tolling, where he must show he exercised reasonable diligence in investigating and bringing his claims. See *Miller v. New Jersey State Department of Corrections*, 145 F.3d 616, 618-619 (3d Cir.1998); *Brown v. Shannon*, 322 F.3d 768, 773 (3d Cir.2003)).

"[E]ven in situations in which equitable tolling initially applies, a party must file suit within a reasonable period of time after realizing that such a suit has become necessary." *Walker v. Frank*, 56 Fed.Appx. 577, 582 (3d Cir.2003). "A grant of equitable toling, unlike statutory tolling, does not

---

> we restated the two general requirements for equitable tolling:
> (1) that "the petitioner has in some extraordinary way been prevented
> from asserting his or her rights;" and (2) that the petitioner has shown
> that "he or she exercised reasonable diligence in investigating and
> bringing [the] claims." *Id.*

shift the deadline so that each day of tolling results in a one day postponement of the deadline." *Ragan v. Horn*, 598 F.Supp.2d 677, 685-686 at 680 (E.D.Pa.2009)(*citing Phillips v. Heine*, 984 F.2d 489, 492 (D.C.Cir.1993)).  Once the extraordinary circumstances justifying equitable tolling have ended, the petitioner must file as soon as reasonably possible.  (*Id.*).

"The United States Court of Appeals for the Third Circuit has suggested that one month is a sufficient period of time for a petitioner to file a pro se habeas petition.  *Mitchell v. Beard*, Slip Copy, 2010 WL 1135998 (E.D.Pa., 2010) (citing *Brown*, 322 F.3d at 774).  The Third Circuit has held that eleven months is an unreasonable time to wait to file a habeas corpus petition, *Walker*, 56 Fed.Appx. at 582 n. 5 (*Id.*).

We must look to the dismissal of the instant Habeas Corpus Petition to see if the equitable tolling doctrine should be invoked in this case.  *Musgrove, supra.*

In this case, the Petitioner Rivers is clearly out of time, as discussed, since he did not file his present federal Habeas Corpus Petition until February 1, 2012.  The Petitioner failed to timely file his present Habeas Petition since approximately 22 months ran on his AEDPA SOL.

We agree with Respondents and do not find extraordinary circumstances in this case which prevented the Petitioner Rivers from filing a timely habeas petition.  Petitioner does not give any reasons for the 22 months  delay from April 3, 2009  until April 4, 2010  when his statute of limitations period expired to file his Habeas Petition.  Petitioner had no appeal pending during this time. As stated, Petitioner makes no statement regarding the timeliness of his Habeas Petition, other than stating it is timely.  Petitioner, therefore, has not shown any extraordinary circumstances which prevented him from timely filing his Habeas Petition.

11

Petitioner offers no reason which would justify equitable tolling. Further, there is simply no claim by Petitioner Rivers that he was actively misled or that he timely asserted his rights in the wrong forum.  In *Hubley v. Superintendent, SCI Camp Hill*, 57 Fed. Appx. 927, 2003 WL 77260 at *6 (3d Cir.), the Court stated that:

> "[E]quitable tolling is proper only when the principles of equity would make the rigid application of a limitation period unfair."  *Miller v. New Jersey State Dep't of Corr.,* 145 F.3d 616, 618 (3d Cir. 1998) (internal quotations omitted). "Generally, this will occur when the petitioner has 'in some extraordinary way . . . been prevented from asserting his or her rights.'" *Id.* (Quoting *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380 (3d Cir. 1994)).
> The "petitioner must 'show that he or she exercised reasonable diligence in investigating and bringing [the] claims.' . . . Mere excusable neglect is not sufficient." *Robinson v. Johnson*, 313 F.3d 128, 142 (3d Cir. 2002) (quoting *Miller*, 145 F.3d at 618-19 (internal quotations omitted)).

Based on the above reasons, we find that the Petitioner Rivers has failed to show extraordinary circumstances or that "the principles of equity would make the rigid application of a limitation period [§ 2241(d)(1)] unfair." *Miller,* 145 F. 3d at 618.  We find that equitable tolling of the AEDPA statute of limitations is not warranted in this case.   Thus, we find that Petitioner's present Habeas Petition is untimely and should be dismissed pursuant to 28 U.S.C. §2244(d)(1)(A).

*2. Exhaustion and Procedural Default*

Even if the Court does not adopt our recommendation regarding the expiration of Petitioners' statute of limitations, we also recommend Petitioner's Habeas Petition be denied due to Petitioner's claims being procedurally defaulted.

Petitioner must satisfy the standards set for by 28 U.S.C. § 2254, which states the following, in part:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a .. Court only on the ground that he is in custody in violation of the Constitution or laws or treaties if the United States.
>> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a ... court shall not be granted unless it appears that –
>>> (A) the applicant has exhausted the remedies available [to the petitioner];
>> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available [to the petitioner].

28 U.S.C. 2254(a) and (b).

In *Shackleford v. Ebbert*, 2011 WL 1107024, *5 (M.D. Pa. 2011), adopted by 2011 WL 1059732 (3-23-11), the Court stated:

> [P]risoners seeking relief under Section § 2254 must also satisfy specific, and precise, procedural standards. Among these procedural prerequisites is a requirement that the petitioner "has exhausted the remedial available [to him]" before seeking relief in federal court. 28 U.S.C. § 2254(b). In instances where a prisoner has failed to exhaust the legal remedies available to him in the state courts, federal courts typical will refuse to entertain a petition for habeas corpus. *See Whitney v. Horn*, 280 F.3d 240, 250 (3d Cir.2002).
>
> Thus, in this specific factual context, where a habeas petitioner seeks to challenge a parole revocation decision, it is well-settled that a prisoner-petitioner should not be permitted to bring his complaint of procedural error in a parole determination unless he has first exhausted his administrative remedies. *See United States ex rel. D'Agostino v. Keohane*, 877 F.2d 1167 (3d Cir.1989); *United States ex rel. Sanders v. Arnold*, 535 F.2d 848 (3d Cir.1976).

13

As Respondents point out (Doc. 13, pp. 12-14), Petitioner had certain procedural steps he was required to take in order to exhaust his habeas claims presently before this Court. In order to exhaust a claim regarding determinations relating to parole revocation decisions in Pennsylvania, a prisoner must seek administrative review of claims by filing a petition for administrative review with the Pennsylvania Board of Parole and Probation within thirty ( 30) days of the mailing date of the Board's determination. 1.37 Pa. Code § 73.1; 42 Pa.C.S.A. § 7639a); *see also Williams v. Wyder*, 232 Fed. Appx. 177, 178 ( 3d Cir. 2007). After an administrative appeal to the PA Board, Petitioner must present his claims to the Pennsylvania Commonwealth Court. *See* 42 Pa.C.S.A. § 763(a). *See Bronson v. Pennsylvania Board of Probabtion and Parole*, 491 Pa. 549,421 A.2d 1021 (1980); *Favors v. PA Dept. of Corrections*, 2010 WL 5625908, *2 (M.D. Pa. 11-4-10), adopted by 2011 WL 208888(M.D. Pa. 1-20-11); *Anderson v. PA Bd. of Probation and Parole*, 2010 WL 6714531, *8 (E.D. Pa. 8-31-10). Further, if Petitioner was still unsatisfied with the result, Petitioner could then file a Petition with the Pennsylvania Supreme Court for an Allowance of Appeal. *See* 42 Pa. C.S.A. § 724; *See McMahon v. Pennsylvania Board of Probation and Parole*, 504 Pa. 240, 470 A.2d 1337 (1983); *Anderson v. PA Bd. of Probation and Parole*, 2010 WL 6714531, *8 (E.D. Pa. 8-31-10).

As Petitioner Rivers failed to use the available state court remedies, he cannot now assert his habeas claims for the first time on federal habeas review. *See, e.g., Wareham v. Stowitzky*, 2007 WL 666692, at *5 (E.D. Pa. February 26, 2007); *Lloyd v. Shannon*, 2005 WL 1138389, at *2 (M.D. Pa. Apr. 28, 2005) (failure to file

administrative and state court appeals precludes habeas review of parole revocation)

(later vacated by the Third Circuit as moot, *see Lloyd v. Shannon*, 283 Fed.Appx. 883,

885, 2008 WL 2588623, *2 (3d Cir. 2008)); *see also Favors v. PA Dept. of Corrections*,

2010 WL 5625908, *7([Petitioner's] failure to properly pursue his state remedies with

respect to this parole board action now bars federal consideration of this claim."). There

is no record that Petitioner filed any request for administrative relief with respect to the

Board's January 9, 2009 revocation decision. (Doc. 13-1. Attch. A, ¶ 19). Additionally,

according to Court of Common Pleas of Philadelphia County Criminal Docket Sheet

Number CP-51-CR-0002989-2008, Petitioner did not appeal the Board's January 9,

2009 decision to any Pennsylvania state court. (Doc. 13-3, Ex. 3).

Also, on March 4, 2009, the Board mailed the decision recalculating Petition's

maximum date for his original sentence at inmate number CY-2822 from November 11,

2009 to August 8, 2015 based on his recommitment as a convicted parole violator.

(Doc. 13-2, Ex. 6). There is no record that Petitioner filed any request for administrative

relief with the Board regarding its March 4, 2009 decision. (Doc. 13-1. Attch. A, ¶ 26).

Additionally, according to Court of Common Pleas of Philadelphia County Criminal

Docket Sheet Number CP-51-CR-0002989-2008, Petitioner did not appeal the March

4, 2009 decision to any Pennsylvania State court.

Petitioner does allege in his Memorandum in support of his Habeas Petition that

he did appeal the Board's March 4, 2009 decision which recalculated his maximum

sentence date (Doc. 2, p. 7), however neither the Board or any Pennsylvania State court

has a record of any appeal filed by Petitioner. Even though Petitioner submitted Exhibit A to his Doc. 2 Memorandum as evidence of his appeal as noted above, this letter is not applicable to the present case as it relates to Petitioner's parole status and the Board's authority to deny parole. (Doc. 2, Ex. A).

Therefore, we agree with Respondents that Petitioner Rivers has not exhausted his state court remedies with respect to his present habeas claims, and the time to do so has expired. Thus, as in *Favors*, Petitioner Rivers has procedurally defaulted his present claims. In *Favors v. PA Dept. of Corrections*, 2010 WL 5625908, *7, the Court stated:

> given [Petitioner] Favors' clear defaults, this Court cannot review the merits of his procedurally defaulted claims unless Favors shows either cause for the procedural default and actual prejudice, or that a fundamental miscarriage of justice will result if the court does not review the claims. *See McCandless v. Vaughn,* 172 F.3d 255, 260 (3d Cir.1999); *Caswell v. Ryan,* 953 F.2d 853, 861-62 (3d Cir.1992). To demonstrate "cause" for a procedural default, Favors must point to some objective external factor which impeded his efforts to comply with the state's procedural rule. *See Murray v. Carrier,* 477 U.S. 478, 488 (1986). "Prejudice" will be satisfied only if Favors can demonstrate that the outcome of the state proceeding was "unreliable or fundamentally unfair" as a result of a violation of federal law. *See Lockhart v. Fretwell,* 506 U.S. 364, 366 (1993).

In Petitioner Rivers' case, on March 4, 2009, the Board mailed its decision recalculating the maximum date for Rivers' sentence at inmate number CY-2822 from November 11, 2009 to August 8, 2015 based on his recommitment as a convicted parole violator. (Doc. 13-2, p. 27). The Board's March 4, 2009 decision clearly stated and informed Petitioner Rivers of his administrative appellate rights, and stated that he could appeal this decision to the Board within 30 (thirty) days of

the notice. (*Id*.).   As stated, Petitioner Rivers took no action in state court to challenge the  Board's March 4, 2012 decision to change his maximum sentence date to August 8, 2015. Petitioner Rivers has waited too long and his claims are now procedurally defaulted.

Additionally, as Respondents state:

> "Rivers' failure to raise his recalculation challenge before any state court deprived those courts of the opportunity to address his claims. Rivers' failure to present his claims at the state level before the Board, the Commonwealth Court or the Pennsylvania Supreme Court constitutes an independent and adequate state ground sufficient to support a procedural default of this claim. *Barbhart v. Kyler*, 318 F. Supp. 250 ( M. D. Pa. 2004). Morever, Rivers has not established sufficient cause for his default or demonstrated actual prejudice that  would justify overlooking the default in this case. *Cristin v. Brennan* , 281 F. 3d 404, 412 ( 3d Cir.), <u>cert. denied</u>, 537 U.S. 897 (2002).

(Doc. 13, pp. 13-14).

We   agree entirely with Respondents. We  find that Petitioner Rivers had adequate administrative and state court remedies available to him.  Before the merits of the habeas petition may be discussed, a federal court must consider whether petitioner has exhausted his administrative and state remedies.  Exhaustion is required in habeas cases as a matter of comity in order to give state courts the initial opportunity to correct their own errors.  *See Lambert v. Blackwell*, 387 F. 3d 210, 231 (3d Cir. 2004); *Lewis v. Nelson*, 2007 WL 1575061, *2.  In this case, Petitioner Rivers is challenging the Board's recalculation of his maximum sentence date, but he did not exhaust his administrative and state remedies available to him.

Ordinarily, a state prisoner must exhaust his state court remedies before the federal courts consider the claims.  28 U.S.C. §2254(b); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982).

In *Dunn v. Wynder*, 2006 WL 2850631, *1 (M.D. Pa.), the Court stated:

> Generally, a federal court may not entertain a petition for a writ of habeas corpus unless the petitioner has first exhausted his state court remedies. FN3 *Lee v. Stickman,* 357 F.3d 338, 341 (3d Cir.2004), citing 28 U.S.C. §§ 2254(b) and (c); *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). The exhaustion requirement "rests upon the principles of comity and judicial economy [and] provides state courts with an initial opportunity to consider and correct alleged violations of prisoners' rights without disruption from the federal courts." *Hankins v. Fulcomer,* 941 F.2d 246, 249 (3d Cir.1991).
>
> FN3. Exhaustion is excused if there is an absence of available State corrective process[,] or ... circumstances exist that render such process ineffective to protect the rights of the applicant. *Lines v. Larkins,* 208 F.3d 153, 163 (3d Cir.2000), quoting 28 U.S.C. § 2254(b)(1)(B)(i) and (ii). Hence, exhaustion is not required if there is inordinate delay in state procedures, *id.* at 250, or if state officials have obstructed the petitioner's attempts to obtain state remedies." *Id.* at 163, citing *Mayberry v. Petsock,* 821 F.2d 179 (3d Cir.1987).

*Lee v. Stickman*, 357 F. 3d 338, 341 (3d Cir. 2004).  *See also O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999); *Parker*, 429 F.3d 61-62; *Shelley v. Patrick*, 2008 WL 2234639 (W.D. Pa.).

As the Court stated in *Bentley v. Tennis*, 2010 WL 5140029, 5-6 (M.D. Pa. 12-9-10):

> "The threshold inquiry in the exhaustion analysis is whether the claims asserted in the habeas corpus petition have been "fairly presented" to the state courts. *Picard v. Conner*, 404 U.S. 270, 274 (1971).  Fair presentation requires that the "substantial equivalent" of both the legal theory and the facts supporting the federal claim are submitted to the state courts, and the same method of legal analysis applied in the federal courts must be available to the state courts. *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d. Cir. 1997).

In the instant case, we find that Petitioner Rivers has not "fairly presented" the issue raised in his habeas petition in state court as he could have.  The *Dunn* Court stated, "[a] habeas corpus petitioner bears the burden of demonstrating that  he has satisfied the exhaustion requirement." 2006 WL 2850631, *1-*2. Citing  *Lines v. Larkins,* 208 F.3d 153, 159 (3d Cir.2000);  *Lambert v. Blackwell,* 134 F.3d 506, 513  (3d Cir.1997).

Petitioner chose not to avail himself of the administrative and state court remedies available to him.  Rather, he is requesting this Court to decide issues which he had ample time to raise in state court.  We find that Petitioner Rivers had adequate administrative and state court remedies available to him, and that he has not shown either cause for his procedural default of his claims and actual prejudice, or that a fundamental miscarriage of justice will result if the court does not review his claims.  *See Favors, supra* at *7.  Therefore, Petitioner Rivers did not exhaust his habeas claims and his claims are procedurally defaulted as a result.  As discussed, we will recommend that Petitioner's Habeas Petition be dismissed based on procedural default.

3. *Merits of Habeas Petition*

Finally, even if Petitioner's habeas claims are not barred by the statute of limitations and are not procedurally defaulted, we concur with Respondents (Doc. 13, pp. 15-20) and find that Petitioner's Habeas Petition should still be denied on the merits. "An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure to the applicant to exhaust the remedies available in the courts of the State." *See* U.S.C. § 2254(b)(2).

Petitioner's first claim in his Habeas Petition alleges the Board did not credit him time served between March 13, 2008 and February 8, 2009 (Doc. 1, p. 6).

As to Petitioner's first claim, Respondents argue that Petitioner was properly credited for the time he was in custody on his new arrest and the Board's detainer (Doc. 14, p.14). Respondents cites to the Prison and Parole Code, 61 Pa. C. S. § 6138(a)., to explain how the Board calculated Petitioner's time while in custody on his new arrest and the Board's detainer. (*Id*.).

Respondents state:

> The Prisons and Parole Code requires a convicted parole violator to serve the new sentence for which he was recommitted, and the original sentence consecutively. 61 Pa. C. S. § 6138(a)(5); *See also Commonwealth v. Dorian*, 468 A.2d 1091 (Pa. 1983). As such, under Pennsylvania law, Rivers is entitled to receive credit for time he was incarcerated after his arrest on either the original sentence or his new sentence. But, he cannot receive credit on both sentences for the same period of incarceration.
>
> ..................................................................................................................
>
> Police arrested Rivers for the new criminal charges on February 28, 2008. The Board lodged its detainer against him for parole violations on February 29, 2008. Rivers remained confined on both the new criminal charges and the Board detainer until March 13, 2008. On that date, he posted bail from the new criminal charges. Rivers then remained confined solely on the Board detainer. On October 22, 2008 , the Court of Common Pleas of Philadelphia County found Rivers guilty of Possession with Intent to Deliver a Controlled Substance. Despite the conviction, Rivers remained on bail from the new charge until the Court sentenced him on February 18, 2009. The court sentenced Rivers to a new period of incarceration to be served in a state correctional institution.
>
> The aforementioned facts reflect that Rivers was confined solely on the new criminal charges and then on both the new criminal charges and the Board detainer from February 28, 2008 to March 13, 2008. As such, the Board did not give him any credit for that period of confinement on his original sentence. That credit time was correctly applied to his new sentence.[8] However, the Board did give Rivers credit for the time he was incarcerated

---

[8]  The credited time from February 28, 2008 to March 13, 2008 was applied to Petitioner's sentence at inmate number KY-3817.  (Doc.13-1, Att. A, ¶ 31).

solely on the Board detainer from March 13, 2008 to February 18, 2009,
which amounted to a total of 342 days. Subtracting 342 days from 2704 days
he had remaining left 2362 days remaining on his sentence.

(Doc. 14, pp. 14-16).

The record in our case indicates that Petitioner was arrested on the new drug charges in case # CP-2989-2008, for which he was later sentenced at inmate number KY-3817, on February 28, 2008,  and was released on bail March 13, 2008. (Doc. 13-1, Att. A, ¶'s 10-12 &  Doc.13-2, pp. 7-9). Due to the Board's detainer, Petitioner remained incarcerated on the detainer until his new sentence was imposed on February 18, 2009. (Doc.13-2, p.11 & Doc. 13-1, Att. A, ¶'s 13-20).

We agree with Respondents that the Board gave Petitioner proper credit on his original sentence and that he received credit for all time served either on his new sentence or his original sentence. Respondents followed the Prison and Parole Code, which provides the Board with guidelines in the calculating the sentence of convicted parole violators. Particularly,  61. Pa. C.S. § 6138(a)(4), provides: "(4) The period of time which the parole violator is required to serve shall be computed from and begin on the date the parole violator is taken into custody to be returned to the institution as a parole violator."

Additionally, the Supreme Court of Pennsylvania held in *Gaito v. Pennsylvania Board of Probation and Parole*, "If a defendant is being held in custody solely because of a detainer lodged by the Board and has otherwise met the requirements for bail on the new criminal charges, the time which he spent in custody shall be credited against his original sentence." *Gaito*, 488 Pa. 397, 412 A. 2d 568 ( 1980). Petitioner claims that he did not receive credit for time served in custody from March 13, 2008 to February 9, 2009. In our case,  the record indicates that Petitioner did receive

21

time credited to his original sentence from March 13, 2008 to February 18, 2009 (342 days).[9] (Doc. 13-2, Exs. 7-9).   The Board took these credited days into account when Petitioner's original sentence was being recalculated, due to his recommitment as a convicted parole violator. Therefore, Petitioner's sentence decreased from 2704 days left on his original sentence to 2362 day remaining.

Additionally, there is no indication that Petitioner properly appealed any previous decision made by the Board, including the decisions to recommit him as a convicted parole violator and to extend his max sentence date from November 11, 2009 to August 8, 2015.

Petitioner's second habeas claim alleges that the Board lacks the authority to extend Petitioner's original sentence and impose back time which exceeds the entire remaining balance of a parolee's unexpired term. (Doc. 2, p. 8). Additionally, Petitioner argues that the Board can only require that a parolee serve the remaining balance of his unexpired term since the Board does not have the authority to alter a judicially imposed sentence. (*Id*.). We disagree with the Petitioner.

Rather, we agree with the Respondents that the Board does have the authority to and is required by statue  to  recalculate the maximum sentence date for convicted parole violations.

Section 6138(a) (1) and (2) of the Pennsylvania Prisons and Parole Code provides:

(a) Convicted violators.

(1) A parolee under the jurisdiction of the board released from a correctional facility who, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment,

---

[9]   The Board credited the Petitioner with 342 days incarceration from March 13, 2008 to February 18, 2009. Petitioner's sentence was then reduced from 2704 to 2362 days, *i.e.* 2704-342= 2362.

for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere at any time thereafter in a court of record, **may at the discretion of the board be recommitted as a parole violator.**

(2) If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and shall be given no credit for the time at liberty on parole.

(c) Technical violators.

(1) A parolee...who, during the period of parole, violates the terms and conditions of his parole, other than by commission of a new crime of which the parolee is convicted or found guilty be a judge or jury or to which the parole pleads guilty or nolo contendere in a court of record, may be recommitted after a hearing before the board.

(2) If the parolee is so recommitted, the parolee shall be given credit for the time served on parole in good standing **but with no credit for delinquent time and may be reentered to serve the remainder of the original sentence or sentences.**

61 Pa. C.S. § 6138(Emphasis added).

It clear from the reading of the statue that while a technical parole violator is entitled to credit for time served while on parole in good standing, such that they may only be recommitted for the remainder of their original sentences, **convicted parole violators are not entitled to any credit for time spent on parole**. *See Richards v. Pennsylvania Bd. of Probation and Parole*, 20 A.3d 596, 597 (Pa. Cmwlth. 2011)(emphasis added). Also, the statue provides that it is at the discretion of the Board as to whether the Petitioner is recommitted as a convicted parole violator.

It appears that Petitioner Rivers misread the statute assuming that the guidelines the Board has to follow for technical parole violators also apply to convicted parole violators. However, due to the above statute and case law, we agree with the Respondents.

In *Richards v. Pennsylvania Board of Probation and Parole*, the Court held that a convicted parole violator was not entitled to any credit for time served while at liberty on parole. (*Id*.). The Board, in that case, extended the defendant's maximum release date after he was recommitted as a convicted parole violator. (*Id*.). There, the defendant's original maximum release date was November 24, 2007, and after the Board recommitted the defendant, his date was extended to March 13, 2018. (*Id*.).

In our case, the Board recalculated Petitioner Rivers' sentence to reflect that he received no credit for the period he was at liberty on parole. Petitioner was paroled on June 17, 2002. His maximum sentence date at the time of his release on parole was November 11, 2009, which left Petitioner with 2704 days remaining on his sentence. After the Petitioner was recommitted as a convicted parole violator, he became available to begin serving the back time on his original sentence on February 18, 2009. Therefore, the Board added 2362[10] days to February 18, 2009 that yielded a new parole violation maximum date of August 8, 2015.

Thus, in accordance with the Pennsylvania Prisons and Parole Code, the Board properly recalculated Petitioner Rivers' sentence after he was recommitted as a convicted parole violator.

---

[10] As stated above, the Board credited the Petitioner with 342 days incarceration from March 13, 2008 to February 18, 2009. Petitioner's sentence was then reduced from 2704 to 2362 days, *i.e.* 2704-342= 2362.  (Doc. 13-2, Exs. 7 & 9).

Therefore, we will recommend the Court deny Petitioners's Habeas Petition on the merits.

**IV. Recommendation.**

Based on the foregoing, it is respectfully recommended that Petitioner Rivers' Habeas Petition (**Doc. 1**) be dismissed as his claims are barred by the Section 2244 one-year statute of limitations. Additionally, if the Court does not accept our previous recommendation, we recommend that Petitioner Rivers' Habeas Petition be dismissed due to the procedural default of his claims. Lastly, if the Court does not dismiss Petitioner's Habeas Petition, we recommend that his Habeas Petition be denied on the merits, since the Board has the authority to extend Petitioner's maximum sentence date after he was recommitted as a convicted parole violator, and since the Board properly recalculated the Petitioner's new maximum sentence date.

Finally, it is recommended that this case be closed.

s/ Thomas M. Blewitt
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: August 10, 2012**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS RIVERS, | : | CIVIL ACTION NO. **3:CV-12-0195** |
| | : | |
| Petitioner | : | (Judge Mariani) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| JAMES MCGRADY, *et al.* | : | |
| | : | |
| Respondents | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

Report and Recommendation dated **August 10, 2012**.

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

Any party may object to a magistrate judge's proposed findings,
recommendations or report addressing a motion or matter described in
28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
disposition of a prisoner case or a habeas corpus petition within fourteen (14)
days after being served with a copy thereof.  Such party shall file
with the clerk of court, and serve on the magistrate judge and all
parties, written objections which shall specifically identify the
portions of the proposed findings, recommendations or report to which
objection is made and the basis for such objections.  The briefing
requirements set forth in Local Rule 72.2 shall apply.  A judge shall
make a *de novo* determination of those portions of the report or
specified proposed findings or recommendations to which objection
is made and may accept, reject, or modify, in whole or in part, the findings
or recommendations made by the magistrate judge.  The judge, however,
need conduct a new hearing only in his or her discretion
or where required by law, and may consider the record developed before the
magistrate judge, making his or her own determination on the basis

26

of that record.  The judge may also receive further evidence, recall
witnesses or recommit the matter to the magistrate judge with
instructions.


        Failure to file timely objections to the foregoing Report and Recommendation may

constitute a waiver of any appellate rights.


                                        **s/ Thomas M. Blewitt**
                                        **THOMAS M. BLEWITT**
                                        **United States Magistrate Judge**




**Dated: August 10, 2012**

27